GOODE, for plaintiff.

CRAWFORD and HITCHCOCK, for defendant.

---

## ELLIS v. GROOMS.

Vendor of note which had been satisfied liable to vendee, though there be no special contract, or fraud on his part

THIS was an appeal from the judgement of a justice of the peace to the Circuit Court of Monroe county. The action was brought to recover the amount of a note " traded," by defendant to plaintiff, but not endorsed by defendant, nor did his name appear in, or on it. On the trial the judge charged the jury, that if the note was paid, before it was traded by defendant to plaintiff for a valuable consideration, although the defendant did not know it, he would be liable, without any special contract, or fraud on his part, to which the defendant excepted.

ELLIS assigned here as errors.

First and second, The matters of the bill of exceptions.

Third and fourth, It does not appear by the record, that any inferior tribunal had rendered judgement in the cause, that any appeal was properly granted, or if granted, when returned or how the Circuit Court had jurisdiction of the matter in controversy.

PARSONS, for plaintiff in error, cited 1 Esp. 38—Ch. on Bills 117, 119, 120 ; Bay's Rep. 392 ; Addison's R. 55 ; 1 Dallas 449, 252.

BAGBY, for defendant in error

JANUARY 1827.    JUDGE SAFFOLD delivered the opinion of the
Court.

Ellis
v.
Grooms.

As to the first and second assignments the sale of the
note for a valuable consideration, implies an undertaking
on the part of the vendor, that his title is good, and that
the person whose liability is expressed in the note, will be
responsible for the amount.    The contract implies a war-
ranty of title, but if it was paid when transferred, the
vendor was not entitled, there was a breach of this implied
warranty, and the vendee was entitled to recover of the
vendor, to the amount of the consideration, which he had
paid to him.    The measure of damages, has not however
been made a question for the consideration of this Court.

The third and fourth assignments are on the alleged
irregularity of the appeal.    As to these, it is sufficient to
say that they are not available, especially after issue join-
ed in the Circuit Court on the merits.    Judgement af-.
firmed.

The CHIEF JUSTICE not sitting.